IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41242
Conference Calendar

_____

ANGELO MACK,

                                              Plaintiff-Appellant,

versus

GENE MARTIN; ROBERT HERRERA, In his official capacity;
SANFORD TAYLOR; ROBERT MITCHELL,

                                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-196
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

     Angelo Mack, Texas prisoner # 645368, appeals the district
court's dismissal of his 42 U.S.C. § 1983 action as frivolous and
for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).
For the first time on appeal, Mack argues that Gene Martin, the
disciplinary officer, violated his due process rights by refusing
to allow him to call witnesses at a disciplinary hearing and by
failing to provide a written statement of the evidence relied
upon and the reasons for the disciplinary decision.  He also

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

argues for the first time on appeal that Warden Herrera affirmed this decision despite the due process violations.  This court will not consider a new theory of relief raised for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Mack does not argue that the district court erred in determining that he had not established that the defendants retaliated against him for filing grievances or that his negligence claim against Robert Mitchell was not cognizable under 42 U.S.C. § 1983.  Because Mack has not shown that the district court erred in dismissing his retaliation and negligence claims, he has abandoned these issues on appeal.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); see also Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Mack's appeal is without arguable merit and, therefore, is DISMISSED as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The district court's dismissal of this action and this court's dismissal of this appeal count as two "strikes" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Mack received one strike when the District Court for the Northern District of Texas dismissed a previous civil action as frivolous, and he received another strike when this court dismissed his appeal of that decision as frivolous.  See Mack v. Williams, No. 4:99-CV-630-L (N.D. Tex. March 31, 2000); Mack v. Williams, No. 00-10467 (5th Cir. October 18, 2000).  Mack has now accumulated four strikes.  He may not proceed IFP in any civil action or appeal

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(G) BAR IMPOSED.